7198

SULLIVAN v. WESTERN UNION TEL. CO.

PUNITIVE DAMAGES.—A TELEGRAPH COMPANY is not liable in punitive damages for delay in delivering a message caused by a strike of its employees.

Before PRINCE, J., Anderson, July, 1908.   Reversed.

Action by C. S. Sullivan against Western Union Telegraph Company.   From Circuit order affirming judgment of Magistrate B. F. Wilson, defendant appeals.

*Messrs. Geo. H. Fearons and John Gary Evans,* for appellant, cite: *Defendant not liable under stipulations and proof:* Jones on T. & T. Cas., secs. 360, 361; Joyce on Elec. L., secs. 16 and 17; 7 N. E., 828; 7 S. E., 629; 84 Ill., 36; 65 Ind., 188; 89 Ind., 457. *No punitive damages:* 72 S. C., 256; 69 S. C., 531; 78 S. C., 109.

*Messrs. Hood & Sullivan,* contra, cite: *Employee on strike is agent of company:* 54 L. R. A., 711; 13 S. C., 18; 76 S. C., 531; 62 S. C., 235; 27 Ency., 1046; 5 Ency., 318; 154 U. S., 885; 75 S. C., 508. *Punitive damages:* 76 S. C., 248; 78 S. C., 508. *Defendant cannot set up strike without accepting message subject thereto:* 70 S. C., 23; 5 Ency., 254; 72 S. C., 354; 76 S. C., 537. *Striker is not a public enemy:* 6 Ency., 379; 80 S. C., 207. *Cause of delay rests on defendant:* 69 S. C., 550; 70 S. C., 87; 75 S. C., 100. *Inconvenience as damage:* 76 S. C., 256; 78 S. C., 110; 65 S. C., 436; 75 S. C., 214. *Stipulations on message do not relieve here:* 67 L. R. A., 160; 76 S. C., 531; 5 Ency., 255.

May 25, 1909.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This action was commenced in a magistrate's court, to recover actual and punitive damages.

The following statement is set out in the record: "Plaintiff brought action for one hundred dollars' damages for delay in the transmission and delivery of a telegram from Newberry, S. C., to Anderson, S. C. He alleges that the telegram was filed with defendant's agent at Newberry, S. C., between ten and eleven o'clock a. m., September 10, 1907. That at the time of filing the message, plaintiff asked if the message could be got through at once, and was assured that it could be. That the telegram was not delivered until the morning of the 12th of September, and that plaintiff suffered damages, as set out in the complaint.

"Defendant answered at the trial, admitting the filing and sending and delivery of the telegram as alleged. Further answering, defendant said, if there was any delay it was not due to defendant's negligence, or its agents, employees and servants, but was due to strikers or others acting against the law; or to the act of God or the public enemy; and to unavoidable delay, and interruption in the working of its line, and that plaintiff signing the blank, on which the message was written, agreed to the provision on the back of the blank, that defendant should not be so liable under such circumstances. At the close of the testimony for the plaintiff, defendant's attorneys moved for a nonsuit on the whole case, because there is no evidence tending to show that the damages alleged in the complaint were such proximate damages, as were occasioned by the delay in delivering the message. This motion was overruled. At the close of the whole testimony, defendant moved for a nonsuit on the whole case, in so far as the charge of wilfulness, wantonness and recklessness was concerned, on the ground that there was no evidence tending to sustain such allegations. This motion was overruled. The magistrate found for plaintiff one hundred dollars, defendant appealed to the Circuit Court and Judge Prince sustained the magistrate. In due time defendant gave notice of intention to appeal, and

does now appeal to this Court from the order of Judge Prince."

The order of his Honor, Judge Prince, is as follows: "After hearing the argument on the appeal in the above entitled cause, it is ordered: That the grounds of appeal be and the same are overruled, the appeal dismissed, and the judgment and verdict of the magistrate sustained.

"As matters of fact, I find that a preponderance of the evidence shows neither negligence nor wilfulness, in the handling of said telegram at Newberry, S. C., nor at Anderson, S. C., but that said telegram was intentionally and wilfully intercepted by one of defendant's operators who was at the time an agent of defendant company, and said agent's scope of employment by said company included the sending and receiving of telegrams, general authority over one of defendant's telegraph offices, and control of defendant's telegraphic instrumentalities, usually found in connection with such offices; that said agent was at the time also in the employ of a railroad company, being an agent of the said railway company, as well as an agent of defendant; that by reason of said agent's authority to send and receive telegrams, and general control of defendant's telegraphic instrumentalities as aforesaid, said agent intentionally and wilfully intercepted said telegram as aforesaid, and said wilful act was within the scope of said agent's employment by defendant. I, therefore, conclude and find as a matter of law, that defendant is liable for its said agent's wilful act as aforesaid, because I find that said act was within the scope of said agent's employment by defendant as aforesaid."

We will first consider the exceptions raising the question, whether his Honor, the Circuit Judge, erred, in overruling the ground of appeal assigning error on the part of the magistrate, in refusing the motion for nonsuit, as to punitive damages.

The uncontradicted testimony, even that of the plaintiff,

shows that there was a strike at the time the message was delivered for transmission.

And, as the Circuit Judge found as matter of fact that there was neither negligence nor wilfulness, in the handling of the telegram at Newberry, S. C., nor Anderson, S. C., the only reasonable inference from the testimony is, that the strike was the proximate cause of the delay. The case of *Oxner* v. *Tel. Co., infra,* 510, shows that under such circumstances punitive damages are not recoverable. The exceptions raising this question are sustained.

The next question that will be considered is whether the Circuit Judge erred in not concluding that where a strike is the direct cause of dealy in the transmission of a telegram, the company is not liable.

The rule is thus stated in section 360 of Jones on Telegraph and Telephone Companies: "Under the ancient rule, carriers were not exonerated for losses caused by the acts of mobs, or other riotous persons; but the stringency of this rule has been somewhat relaxed by the more modern authorities. They are still held liable for all losses caused by such acts, but are not liable for loss in the transportation of goods, by any delay caused thereby. There is a difference, however, in the application of this rule to carriers, and to telegraph and telephone companies. As a general rule, the latter companies are not liable for losses arising from acts of mobs and other riotous persons. The acts of the mob stand, with respect to these companies, in almost the same category as those of the public enemy. The different means and instrumentalities through which they accomplish their respective corporate purposes bring about the difference in the application of this rule. It is never presumed that mobs intend to take possession of goods and convert them to their own use; and the tangible property to such, being in the custody of the carriers, they are more able to protect and deliver them safely to the consignee; and, as has been said, they are not liable for losses caused by such

delay. On the other hand, the main and principal objects of mobs and other riotous persons, who interfere with the business of telegraph companies, is to prevent and obstruct the transmission of news; especially until they shall have accomplished some particular purpose. As has often been said, they are never liable as insurers, unless an express agreement has been entered in to that effect. And for the reason that they are not in possession of the tangible property of the message in transit, they do not have the same opportunity to protect it, as the carrier has his goods. It is the duty, however, of these companies, where they have been thus interferred with, to make a reasonable effort to transmit the telegram by other lines or by other means; and on failure to do so, they will be held liable for all losses suffered."

In section 361 of the same work it is said, that "the same rule applies where the mob is composed of employees of the company who are on a strike."

The testimony shows that the delay was the result of an unavoidable cause, in so far as the company was concerned. The exceptions raising this question are also sustained.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.